**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2247

LINDA ANDERSON,

Plaintiff - Appellant,

versus

COMMISSIONER, Social Security,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, Chief District Judge. (CA-03-52-2)

Submitted: March 28, 2005          Decided: April 6, 2005

Before WILLIAMS, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Martin Wegbreit, Esq., CENTRAL VIRGINIA LEGAL AID SOCIETY, Richmond, Virginia, for Appellant. Donna L. Calvert, Regional Chief Counsel, Taryn F. Jasner, Assistant Regional Counsel, Philadelphia, Pennsylvania; John L. Brownlee, United States Attorney, Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Linda F. Anderson appeals the district court's order affirming the Commissioner of Social Security's decision to deny her Social Security Disability and Supplemental Security Income benefits.

Anderson contends that the Administrative Law Judge (ALJ) erred by failing to give adequate weight to her treating psychiatrist's findings. "Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). Thus, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). After careful review of the record, we conclude that the ALJ properly exercised his discretion in the face of the treating psychiatrist's unsupported conclusions, Chater, 76 F.3d at 590, and persuasive contrary evidence provided by three other doctors, Mastro, 270 F.3d at 178.

Anderson raises several other claims that she concedes were "raised imperfectly below or not at all."  It is well-settled that issues raised for the first time on appeal generally are not considered by this court.  See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (holding that issues raised for the first time on appeal are generally waived absent exceptional circumstances); Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir. 1994) ("it is inappropriate for courts reviewing appeals of agency decisions to consider arguments not raised before the administrative agency involved").  Accordingly, we conclude that Anderson has forfeited her remaining claims.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED